THIBODEAUX, Chief Judge,
dissenting.
|,The proper standard of review is manifest error which the majority acknowledges. The majority further observes that the issue of an intentional battery was “hotly contested.” The plaintiff testified that he was beaten violently and stomped on. One of the defendants indicated the plaintiff was intoxicated and suffered an unprovoked fall. The trial judge heard and weighed this testimony. After doing so, she concluded that “[t]he testimony of the witnesses varied substantially as to what actually transpired and often is directly contradictory.” She then went on to summarize the testimony and concluded that “it is obvious to this Court that these injuries could not have been sustained by Dempsey merely as a result of a fall or from kicking a truck as Fred testified. This Court gives much weight to a testimony of Dr. J.H. Fairbanks, Dempsey’s treating orthopedic surgeon.... ” Dr. Fairbanks clearly indicated that the plaintiffs injuries would not be indicative of “somebody that had tripped and [fallen].” Rather, they would be indicative of “somebody that’s been in a fight.” Clearly, the trial court believed the testimony of Dr. Fairbanks and did not believe the testimony of the witnesses who said that the plaintiff happened to have kicked a truck in the parking lot and suffered an unprovoked fall. Dr. Fairbanks’s testimony was particularly persuasive given the fact that the plaintiffs injury required a plate and some screws and an incision about five inches in length. He suffered a bimalleolar ankle fracture.
|2I would affirm the judgment of the trial court but would reverse on the damages awarded for the leg amputation. Dr. Fairbanks clearly testified in his deposition that the plaintiff failed or refused to follow post-operative care.